# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned March 13, 2007

## RONALD RAY STONER v. TIFFANY DENISE STONER MORGAN

**Appeal from the General Sessions Court for Sumner County**
**No. 3126-G     Barry R. Brown, Judge**

---

**No. M2007-00474-COA-R9-CV - Filed on March 26, 2007**

---

This appeal involves a mother's efforts to invoke Tenn. Code Ann. § 36-5-3003(2005) to transfer a post-divorce custody dispute from the Sumner County General Sessions Court to the Circuit Court for Knox County. The general sessions court ordered the case to be transferred but granted the father permission to appeal to this court pursuant to Tenn. R. App. P. 9. We concur with the general sessions court that this is a proper case for an interlocutory appeal. We have also determined that the trial court's order transferring the case to Knox County must be reversed because the children have not resided in Knox County for at least six months as required by Tenn. Code Ann. § 36-5-3003(b).

**Tenn. R. App. P. 9 Interlocutory Appeal; Judgment of the General Sessions Court Reversed**

WILLIAM C. KOCH, JR., P.J., M.S., delivered the opinion of the court, in which WILLIAM B. CAIN and PATRICIA J. COTTRELL, JJ., joined.

David B. Hamilton, Knoxville, Tennessee, for the appellant, Ronald Ray Stoner.

Bradley L. Henry, Knoxville, Tennessee, for the appellee, Tiffany Denise Stoner Morgan.

**MEMORANDUM OPINION**[1]

### I.

Ronald Ray Stoner and Tiffany Denise Stoner were divorced in the Sumner County General Sessions Court in June of 2003. The permanent parenting plan named Ms. Stoner as the primary

---

[1]Tenn. Ct. App. R. 10 provides:

The Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion, it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

residential parent for the parties' two minor children. In the year following the divorce, Ms. Stoner and the children resided in Sumner, Rutherford, and Union Counties, before finally settling in Knox County sometime 2004. In August of 2006, Ms. Stoner and the children moved to Loudon County. Five months later, in January of 2007, Ms. Stoner married Ted Morgan and moved back to Knox County.[2] Around the same time, Mr. Stoner moved to Birmingham, Alabama.

Mr. Stoner became aware that Mr. Morgan had been convicted of statutory rape in 2002. On January 19, 2007, Mr. Stoner filed a petition in the Knox County Juvenile Court alleging that the children were dependant and neglected because they were living with a registered sex offender. The juvenile court granted Mr. Stoner emergency custody that same date. However, on January 23, 2007, the juvenile court returned custody to Ms. Morgan and directed the parties to pursue further modification of the custody order in the court that had granted their divorce.

On February 2, 2007, Ms. Morgan filed a "Request for Transfer of Support and Custody Case" pursuant to Tenn. Code Ann. § 36-5-3003 (2005) in the Sumner County General Sessions Court. The request was supported by a sworn statement asserting that Ms. Morgan and the children had lived in Knox County for more than six months. On February 9, 2007, Mr. Stoner filed an objection to the transfer, a petition for change of custody, and an ex parte motion for emergency custody.

On February 23, 2007, the general sessions court entered an order transferring the case to the Circuit Court for Knox County despite its conclusion that the children had not been residing in Knox County for six months preceding the filing of the transfer request. However, the general sessions court also granted Mr. Stoner permission to appeal the decision. The court also placed temporary custody with Mr. Stoner for ten (10) days, and restricted the children's contact with Mr. Morgan for ten (10) days. Mr. Stoner filed his Tenn. R. App. P. 9 application in this court on March 2, 2007, together with a motion for a stay pending appeal. We granted the stay on the same date and directed Ms. Morgan to file an answer to the Tenn. R. App. P. 9 application forthwith. Ms. Morgan filed her answer on March 13, 2007, together with a motion to set aside the stay.[3]

## II.

The standards of review used by this court are well-settled. With regard to a trial court's findings of fact, we will review the record de novo and will presume that the findings of fact are correct "unless the preponderance of the evidence is otherwise." Tenn. R. App. P. 13(d). The presumption of correctness in Tenn. R. App. P. 13(d) applies only to findings of fact, not conclusions of law. We thus review a trial court's resolution of legal issues without a presumption of correctness and reach our own independent conclusions regarding these issues. *Johnson v.*

---

[2]Ms. Stoner changed her surname to "Morgan" following her marriage to Mr. Morgan. We will refer to her as "Ms. Morgan" for the remainder of the opinion.

[3]The Tenn. R. App. P. 9 application and answer fully set forth the parties' positions and the material facts. Therefore, pursuant to Tenn. R. App. P. 2, we suspend the application of Tenn. R. App. P. 24, 25, and 29 and find that oral argument to be unnecessary pursuant to Tenn. R. App. P. 35(c). *See Hammock v. Sumner County*, No. 01A01-9710-CV-00600, 1997 WL 749461 (Tenn. Ct. App. Dec. 5, 1971) (No Tenn. R. App. P. 11 application filed).

*Johnson*, 37 S.W.3d 892, 894 (Tenn. 2001); *Nutt v. Champion Int'l Corp.*, 980 S.W.2d 365, 367 (Tenn. 1998); *Knox County Educ. Ass'n v. Knox County Bd. of Educ.*, 60 S.W.3d 65, 71 (Tenn. Ct. App. 2001); *Placencia v. Placencia*, 48 S.W.3d 732, 734 (Tenn. Ct. App. 2000).

The transfer of cases involving the enforcement or modification of child support and child custody between counties in this state is controlled by Tenn. Code Ann. § 36-5-3001 through -3009 (2005 & Supp. 2006). The statute permits either parent to file a request for transfer with the clerk of the transferor court. Tenn. Code Ann. § 36-5-3004.

> Upon receipt of a request, the case must be transferred by the clerk of the issuing court, without order of the court, to a court of competent jurisdiction in the county where the child or children reside if each of the following applies:
>
> (1) Neither the child or children, custodial parent/obligee, nor the non-custodial parent/obligor currently reside in the issuing county; and
>
> (2) The child or children who are subject to the support or custody order currently reside in the county to which the case is to be transferred and have resided there for at least six (6) months.

Tenn. Code Ann. § 36-5-3003(b).

The nonrequesting party may contest the transfer by filing a motion in the transferor court within fifteen (15) days after notice of the request to transfer. Tenn. Code Ann. § 36-5-3007. However, unless the children are residing outside the state, the contest of the transfer is limited to a determination of whether:

> (1) One (1) party or the child or children continue to reside in the transferor county;[or]
>
> (2) The child or children have resided in the transferee county for at least six (6) months.

Tenn. Code Ann. § 36-5-3007(b).

The parties agree that neither they nor the children currently reside in Sumner County. Thus the determinative issue is whether the children "have resided in the transferee county for at least six (6) months." Ms. Morgan contends that the trial court was authorized to transfer the case under Tenn. Code Ann. § 36-5-3003, because she and the children resided in Knox County for six months before they moved to Loudon County in August of 2006. She maintains the six month period required by Tenn. Code Ann. § 36-5-3003(b)(2) need not be a continuous six months and need not be the six months immediately preceding the request for transfer.

The courts' role in interpreting a statute is to ascertain and give the fullest possible effect to the intention and purpose of the General Assembly as reflected in the statute's language. *Stewart v. State*, 33 S.W.3d 785, 790-91 (Tenn. 2000); *Gleaves v. Checker Cab Transit Corp.*, 15 S.W.3d 799, 802 (Tenn. 2000). We must take care to avoid construing a statute in a way that outstrips its intended scope, *SunTrust Bank v. Johnson*, 46 S.W.3d 216, 224 (Tenn. Ct. App. 2000), or that unduly restricts its intended purpose. *Allen v. City of Gatlinburg*, 36 S.W.3d 73, 75 (Tenn. 2001); *Bryant v. Genco Stamping & Mfg. Co.*, 33 S.W.3d 761, 765 (Tenn. 2000).

The search for a statute's meaning should begin with the words of the statute itself. *Blankenship v. Estate of Bain*, 5 S.W.3d 647, 651 (Tenn. 1999); *Freedom Broadcasting of Tenn., Inc. v. Tennessee Dep't of Revenue*, 83 S.W.3d 776, 781 (Tenn. Ct. App. 2002). The courts must give these words their natural and ordinary meaning unless the context in which they are used requires otherwise. *Nashville Golf & Athletic Club v. Huddleston*, 837 S.W.2d 49, 53 (Tenn. 1992); *Lockheed Martin Energy Sys., Inc. v. Johnson*, 78 S.W.3d 918, 923 (Tenn. Ct. App. 2002). Because words are known by the company they keep, S*tate ex rel. Comm'r of Transp. v. Medicine Bird Black Bear White Eagle*, 63 S.W.3d 734, 754-55 (Tenn. Ct. App. 2001), the courts should construe a statute's words in the context of the entire statute and in light of the statute's general purpose. *State v. Goodman*, 90 S.W.3d 557, 564 (Tenn. 2002); *BellSouth Telecomms., Inc. v. Greer*, 972 S.W.2d 663, 673 (Tenn. Ct. App. 1997). When the meaning of a statute's language is clear, the courts must interpret the statute as written, *Kradel v. Piper Indus., Inc.*, 60 S.W.3d 744, 749 (Tenn. 2001); *ATS Southeast, Inc. v. Carrier Corp.*, 18 S.W.3d 626, 629-30 (Tenn. 2000). If, however, the language of a statute is ambiguous, the courts must look to the statutory scheme in which the statute appears, and elsewhere to ascertain the General Assembly's intent and purpose. *State v. Walls*, 62 S.W.3d 119, 121 (Tenn. 2001); *State v. McKnight*, 51 S.W.3d 559, 566 (Tenn. 2001).

Ms. Morgan's interpretation of the statute would allow a custodial parent to move to a new county and request a transfer the following day if the children had resided in that county for six months at any time in the past. We do not believe the General Assembly intended such a broad application. Rather, the six month residency requirement seems intended to prevent just such a transfer following a move. Accordingly, we hold that Tenn. Code Ann. § 36-5-3003(b) requires that the child or children have resided in the transferee county for the six month period immediately preceding the filing of the request for transfer. If, as the trial court found here, the children have resided in any county other than the transferee county during the six months preceding the filing of the request for transfer, a transfer is not permitted.

The general sessions court apparently reached the same conclusion regarding Ms. Morgan's failure to meet the six month residency period, but nevertheless ordered the case transferred to Knox County based on judicial economy and a "closer connection to Knox County." While we share the court's concern for judicial economy, the six month residency requirement is unequivocal. Tenn. Code Ann. § 36-5-3003 makes no exception for judicial economy or closer connections, and we are not at liberty to rewrite the statute to accommodate the specific facts of this case. Accordingly, the trial court erred in transferring the case to Knox County.

## III.

The Tenn. R. App. P. 9 application for permission to appeal is hereby granted. The portion of the general sessions court's order transferring the case to the Circuit Court for Knox County is reversed without prejudice to Ms. Morgan filing a new request for transfer once she and the children meet the requirements of Tenn. Code Ann. § 36-5-3003. The case is remanded to the trial court for further proceedings. The trial court shall promptly determine whether any temporary orders regarding custody or contact restrictions are necessary. The stay entered by this court on March 2, 2007, shall remain in effect pending the trial court's entry of appropriate orders regarding the parenting arrangements of the children. We tax the costs of this appeal to Tiffany Denise Morgan for which execution, if necessary, may issue.

_____
WILLIAM C. KOCH, JR., P.J., M.S.