IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs October 21, 2015

**IN RE RAINEE M.**

**Appeal from the Chancery Court for Washington County**
**No. 42606     John C. Rambo, Chancellor**

_____

**No. E2015-00491-COA-R3-PT – Filed December 30, 2015**

_____

In this action, a minor child's foster parents petitioned to adopt the child and terminate the parental rights of her biological father. A previous action seeking to terminate the father's parental rights had been filed by the Tennessee Department of Children's Services ("DCS") in a different court. The prior case resulted in termination of the father's parental rights, but the ruling was reversed on appeal. The foster parents filed the instant action during the pendency of the appeal in the first matter. The father filed a motion to dismiss the instant petition, which the trial court denied, proceeding to conduct a trial on the merits. Following the trial, the court took the matter under advisement and subsequently entered an order terminating the father's parental rights. The father has appealed. Discerning no error, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court
Affirmed; Case Remanded**

THOMAS R. FRIERSON, II, J., delivered the opinion of the court, in which D. MICHAEL SWINEY and JOHN W. MCCLARTY, JJ., joined.

Nicholas A. Schaefer, Kingsport, Tennessee, for the appellant, Jon M.

Jerry J. Fabus, Jr., Johnson City, Tennessee, for the appellees, Gerald T. and Jenny T.

**OPINION**

## I. Factual and Procedural Background

This case involves the adoption of Rainee M., the minor child ("the Child") of Jon M. ("Father"), whose parental rights were terminated by the trial court pursuant to Tennessee Code Annotated § 36-1-113. The procedural posture of this termination/adoption action is somewhat unusual. The parental rights of both the Child's biological parents, Father and the mother, Valissa G., were originally terminated by the Sullivan County Juvenile Court on December 9, 2013, following a petition filed by DCS. The Sullivan County Juvenile Court determined, *inter alia*, that DCS had proven the statutory grounds of (1) abandonment by failure to provide a suitable home and (2) persistence of the conditions that led to the Child's removal. Father appealed that determination to this Court; Valissa G. did not participate in the appeal.

While Father's appeal was pending, the foster parents, Gerald T. and Jenny T. ("Foster Parents"), filed a petition in the Chancery Court for Washington County ("the trial court") seeking to terminate Father's parental rights and adopt the Child.[1] Foster Parents named DCS and Father as respondents. Foster Parents' petition also alleged the statutory grounds of (1) abandonment by failure to provide a suitable home and (2) persistence of the conditions that led to the Child's removal. Father filed a motion to dismiss the petition, asserting that the trial court lacked subject matter jurisdiction over the case because of the prior termination matter then pending on appeal. Father also argued that (1) the petition was moot due to the earlier termination of his parental rights by the Sullivan County Juvenile Court and (2) the second petition was barred by application of *res judicata*.

The trial court entered an order denying Father's motion to dismiss. The bases for the court's ruling were: (1) Foster Parents filed a petition seeking to adopt the Child, which was a different type of proceeding than the prior termination proceeding; (2) Foster Parents were not parties to the prior proceeding; and (3) Foster Parents' petition was filed at a much later date than the earlier petition, such that Foster Parents would have to prove a different set of facts in order to succeed in terminating Father's parental rights. The trial court subsequently proceeded to conduct a hearing on the merits of Foster Parents' petition on October 27, 2014. At the conclusion of the hearing, the court took an adjudication of the joined issues under advisement.

On January 29, 2015, this Court issued its opinion regarding Father's appeal of the first termination suit filed by DCS. *See In re R.L.M.*, No. E2013-02723-COA-R3-PT,

---

[1] Foster Parents explain in their brief that they included the termination action with their adoption petition because the DCS attorney had discovered a procedural error in the first termination action.

2015 WL 389635 (Tenn. Ct. App. Jan. 29, 2015). This Court determined that the termination of Father's parental rights would have to be reversed because DCS had failed to place a copy of the order adjudicating the Child dependent and neglected in the record, which was a necessary element of the grounds utilized to terminate Father's parental rights. *Id.* at *4. This Court therefore reversed the termination of Father's parental rights and dismissed the petition filed by DCS. *Id.*

On February 23, 2015, the trial court entered an order in this matter, terminating Father's parental rights and stating that Foster Parents could proceed with the adoption of the Child once the termination order was final. The court terminated Father's parental rights based on its findings by clear and convincing evidence of the statutory grounds of (1) abandonment by failure to provide a suitable home and (2) persistence of the conditions leading to the Child's removal. The trial court also found clear and convincing evidence that termination of Father's parental rights was in the Child's best interest. Father timely appealed.

## II. Issues Presented

Father presents the following issues, which we have restated slightly:

1.      Whether the trial court erred in determining that it had subject matter jurisdiction over the present action.

2.      Whether the trial court erred in determining that the issues joined were ripe for adjudication, not moot, and therefore justiciable.

3.      Whether the trial court erred in determining that the doctrine of *res judicata* did not bar this second termination action.

4.      Whether the trial court erred in determining that the doctrine of collateral estoppel did not bar relitigation of the issue of termination of Father's parental rights.

5.      Whether the trial court erred by failing to enter its order within thirty days of the final hearing in accordance with the provisions of Tennessee Code Annotated § 36-1-113(k).

## III. Standard of Review

In a termination of parental rights case, this Court has a duty to determine "whether the trial court's findings, made under a clear and convincing standard, are

supported by a preponderance of the evidence." *In re F.R.R., III*, 193 S.W.3d 528, 530 (Tenn. 2006). The trial court's findings of fact are reviewed *de novo* upon the record, accompanied by a presumption of correctness unless the evidence preponderates against those findings. Tenn. R. App. P. 13(d); *In re F.R.R., III*, 193 S.W.3d at 530. Questions of law, however, are reviewed *de novo* with no presumption of correctness. *In re Bernard T.*, 319 S.W.3d 586, 597 (Tenn. 2010). The trial court's determinations regarding witness credibility are entitled to great weight on appeal and shall not be disturbed absent clear and convincing evidence to the contrary. *See Jones v. Garrett,* 92 S.W.3d 835, 838 (Tenn. 2002).

"Parents have a fundamental constitutional interest in the care and custody of their children under both the United States and Tennessee constitutions." *Keisling v. Keisling*, 92 S.W.3d 374, 378 (Tenn. 2002). It is well established, however, that "this right is not absolute and parental rights may be terminated if there is clear and convincing evidence justifying such termination under the applicable statute." *In re Drinnon*, 776 S.W.2d 96, 97 (Tenn. Ct. App. 1988) (citing *Santosky v. Kramer*, 455 U.S. 745, 102 S.Ct. 1388, 71 L.Ed.2d 599 (1982)). As our Supreme Court has instructed:

> In light of the constitutional dimension of the rights at stake in a termination proceeding under Tenn. Code Ann. § 36-1-113, the persons seeking to terminate these rights must prove all the elements of their case by clear and convincing evidence. Tenn. Code Ann. § 36-1-113(c); *In re Adoption of A.M.H.*, 215 S.W.3d at 808-09; *In re Valentine*, 79 S.W.3d 539, 546 (Tenn. 2002). The purpose of this heightened burden of proof is to minimize the possibility of erroneous decisions that result in an unwarranted termination of or interference with these rights. *In re Tiffany B.*, 228 S.W.3d 148, 155 (Tenn. Ct. App. 2007); *In re M.A.R.*, 183 S.W.3d 652, 660 (Tenn. Ct. App. 2005). Clear and convincing evidence enables the fact-finder to form a firm belief or conviction regarding the truth of the facts, *In re Audrey S.*, 182 S.W.3d 838, 861 (Tenn. Ct. App. 2005), and eliminates any serious or substantial doubt about the correctness of these factual findings. *In re Valentine*, 79 S.W.3d at 546; *State, Dep't of Children's Servs. v. Mims* (*In re N.B.*), 285 S.W.3d 435, 447 (Tenn. Ct. App. 2008).

*In re Bernard T.,* 319 S.W.3d at 596.

## IV. Subject Matter Jurisdiction

Father argues that the trial court lacked subject matter jurisdiction with regard to the petition to terminate Father's parental rights filed by Foster Parents because the prior

petition filed by DCS was pending in this Court. Father relies upon this Court's opinion in *First Am. Trust Co. v. Franklin-Murray Dev. Co., L.P.*, 59 S.W.3d 135, 141 (Tenn. Ct. App. 2001), wherein this Court stated: "once a party perfects an appeal from a trial court's final judgment, the trial court effectively loses its authority to act in the case without leave of the appellate court. Perfecting an appeal vests jurisdiction over the case in the appropriate appellate court." In *First Am. Trust Co.*, this Court therefore held that the trial court could not appoint a post-judgment receiver in a case that had been appealed to this Court because the trial court had lost jurisdiction to act. *Id.* at 142.

We find *First Am. Trust Co.* to be distinguishable from the case at bar because in this case, the action pending on appeal was not the instant termination action, but rather the prior termination action filed by DCS in the Sullivan County Juvenile Court. The Sullivan County Juvenile Court was without subject matter jurisdiction to act on the first termination petition while the appeal of that action was pending in this Court. However, the pendency of an appeal in the previous, separate termination action did not deprive the trial court of subject matter jurisdiction in this subsequent action. The trial court in this case had subject matter jurisdiction over Foster Parents' petition to terminate Father's parental rights and adopt the Child pursuant to Tennessee Code Annotated § 36-1-115(a). Until this appeal was filed, the trial court retained jurisdiction to act in the case at bar. The filing of an appeal in a previous case pending in a different court has no bearing on the trial court's subject matter jurisdiction in this case. This issue is without merit.

## V. Justiciability

Father asserts that Foster Parents' petition seeking to terminate his parental rights and adopt the Child was moot and presented no justiciable issue because his parental rights had previously been terminated by the Sullivan County Juvenile Court at the time the Foster Parents' petition was filed. For the same reason, Father argues that this action was not ripe for adjudication. As this Court has explained, "[t]he doctrine of justiciability prompts courts to stay their hand in cases that do not involve a genuine and existing controversy requiring the present adjudication of present rights." *McIntyre v. Traughber,* 884 S.W.2d 134, 137 (Tenn. Ct. App. 1994). "Cases must be justiciable not only when they are first filed but must also remain justiciable throughout the entire course of the litigation, including the appeal." *Id.* "A moot case is one that has lost its character as a present, live controversy." *Id.* By contrast, "[r]ipeness is a category of justiciability that questions whether the dispute has matured to a point that warrants a judicial decision. The central concern is whether the case involves uncertain or contingent future events that may or may not occur as anticipated or, indeed, may not occur at all." *Window Gallery of Knoxville v. Davis*, No. 03A01-9906-CH-00225, 1999 WL 1068730 at *3 (Tenn. Ct. App. Nov. 24, 1999).

5

We find Father's arguments regarding justiciability to be unavailing. As the trial court noted, Foster Parents in their petition sought to adopt the Child in addition to seeking termination of Father's parental rights. Therefore, a justiciable issue existed with regard to the adoption even if Father's rights previously had been terminated. We also note, however, that Father had timely appealed the order of the Sullivan County Juvenile Court terminating his parental rights. That order had thus not become final at the time Foster Parents' petition was filed. *See Creech v. Addington*, 281 S.W.3d 363, 377 (Tenn. 2009) ("As a general rule, a trial court's judgment becomes final thirty days after its entry unless a party files a timely notice of appeal or specified post-trial motion.").

## VI. *Res Judicata* and Collateral Estoppel

Father also contends that Foster Parents were barred from relitigating the issue of whether his parental rights should be terminated based upon the doctrines of *res judicata* and collateral estoppel. As our Supreme Court has explained:

> The party asserting a defense predicated on res judicata or claim preclusion must demonstrate (1) that the underlying judgment was rendered by a court of competent jurisdiction, (2) that the same parties or their privies were involved in both suits, (3) that the same claim or cause of action was asserted in both suits, and (4) that the underlying judgment was final and on the merits.

*Jackson v. Smith*, 387 S.W.3d 486, 491 (Tenn. 2012). Clearly, here, there was no underlying final judgment because Father had appealed the termination of his parental rights to this Court. *See Freeman v. Marco Transp. Co.*, 27 S.W.3d 909, 913 (Tenn. 2000) ("Because the dismissal was appealed to this Court, the final disposition of this issue will not occur until this Court enters its judgment."); *McBurney v. Aldrich,* 816 S.W.2d 30, 34 (Tenn. Ct. App. 1991) ("It is generally agreed that a judgment is not final and res judicata where an appeal is pending.").[2] Therefore, the doctrine of *res judicata* does not apply to this action.

Similarly, the doctrine of collateral estoppel also requires a final underlying judgment. As this Court has elucidated:

---

[2] We further note that the underlying judgment was not yet final at the time the trial court entered its order of termination in this matter, even though this Court had issued its opinion in the prior case, because mandate had not yet issued. *See, e.g., Swift v. Campbell*, 159 S.W.3d 565, 573 (Tenn. Ct. App. 2004); *In re Adison P.*, No. W2014-01901-COA-R3-CV, 2015 WL 3430004 at *3 (Tenn. Ct. App. May 29, 2015).

"[A]s our courts have construed the collateral estoppel doctrine, it bars the same parties or their privies from relitigating in a second suit issues that were actually raised and determined in an earlier suit." *Beaty v. McGraw,* 15 S.W.3d 819, 824 (Tenn. Ct. App. 1998). The party relying upon the doctrine of collateral estoppel has the burden of proving the following elements:

> [1.] that the issue sought to be precluded is identical to the issue decided in the earlier suit; [2.] that the issue sought to be precluded was actually litigated and decided on its merits in the earlier suit; [3.] that the judgment in the earlier suit has become final; [4.] that the party against whom collateral estoppel is asserted was a party or is in privity with a party to the earlier suit; and [5.] that the party against whom collateral estoppel is asserted had a full and fair opportunity in the earlier suit to litigate the issue now sought to be precluded.

*Id.* at 824-25.

*Patton v. Estate of Upchurch*, 242 S.W.3d 781, 787 (Tenn. Ct. App. 2007) (emphasis added). Because there was no final judgment terminating Father's parental rights in the earlier suit, the doctrine of collateral estoppel would also be inapplicable to this action. *See Creech*, 281 S.W.3d at 377 ("As a general rule, a trial court's judgment becomes final thirty days after its entry unless a party files a timely notice of appeal or specified post-trial motion.").[3]

## VII. Entry of Order

Finally, Father asserts that the trial court erred by failing to enter an order within thirty days of the trial as required by Tennessee Code Annotated § 36-1-113(k). This statutory section provides in pertinent part:

> The court shall enter an order that makes specific findings of fact and conclusions of law within thirty (30) days of the conclusion of the hearing.

Although it is true that the trial court herein did not enter its order within thirty days following the hearing, Father does not request any particular relief for this delay, and we do not determine that relief is appropriate. As this Court has previously explained:

---

[3] Furthermore, because Foster Parents filed their petition over one year later than the termination petition filed by DCS, evidence presented regarding events occurring during the intervening year would be different than the evidence presented in the first termination hearing.

Tenn. Code Ann. § 36-1-113(k) (2014) does indeed require in a parental termination case that the court "shall enter an order that makes specific findings of fact and conclusions of law within thirty (30) days of the conclusion of the hearing." The pertinent question is what is to be done when that directive is not adhered to by a trial court.

We addressed this scenario in *In re: M.R.W.,* No. M2005-02329-COA-R3-PT, 2006 WL 1184010 (Tenn. Ct. App. May 3, 2006), *no appl. perm. appeal filed*. There, we stated:

> [T]he trial court's failure to comply with the portion of the section that directs it to enter an order within thirty days of the hearing does not divest the trial court of its jurisdiction. Moreover, in the case now before us, where the trial court has made definite and detailed findings of fact and conclusions of law, remand on appeal as requested by Mother would serve no purpose.

*In re: M.R.W.,* at *4.

> Thus, even though the Juvenile Court apparently did not adhere to the statute, the requested remand is not appropriate. The Juvenile Court already has made sufficient findings of fact and conclusions of law. To remand would be pointless. *See, e.g., In re: Isobel V.O.,* No. M2012-00150-COA-R3-PT, 2012 WL 5471423, at *4 (Tenn. Ct. App. Nov. 8, 2012), *no appl. perm. appeal filed*; *In re: Ella M.I.,* No. M2013-01543-COA-R3-PT, 2014 WL 1778275, at *4 (Tenn. Ct. App. Apr. 30, 2014), *no appl. perm. appeal filed*. We, therefore, hold that, while the Juvenile Court did not comply with statute in the timeliness of entering its order, there is no specified remedy such as remand required. We do, however, admonish trial courts and parties to adhere to the statutes enacted by our General Assembly.

*In re Autumn L.*, No. E2014-01240-COA-R3-PT, 2015 WL 3378869 at *6 (Tenn. Ct. App. May 26, 2015). Similarly, here, the trial court made appropriate and sufficient findings of fact and conclusions of law in its written order. Although the trial court failed to comply with the statute by entering a written order within thirty days of the hearing, we do not find that Father is entitled to relief due to such delay.

## VIII.  Statutory Grounds and Best Interest of the Child

Father has not appealed the trial court's determination that clear and convincing evidence existed to support the statutory grounds applied by the court for termination of his parental rights, namely (1) abandonment by failure to provide a suitable home and (2) persistence of the conditions leading to the Child's removal.  *See* Tenn. Code Ann. § 36-1-113(g)(1) and (3).  Father has also not appealed the court's determination that there was clear and convincing evidence that termination was in the Child's best interest.  *See* Tenn. Code Ann. § 36-1-113(i).  However, due to the constitutional interests involved in a parental termination action, we have undertaken review of these issues.  *See, e.g., In re Angela E.*, 303 S.W.3d 240, 251 n.14 (Tenn. 2010); *Keisling*, 92 S.W.3d at 378; *In re Arteria H.*, 326 S.W.3d 167, 184 (Tenn. Ct. App. 2010), *overruled on other grounds by In re Kaliyah S.*, 455 S.W.3d 533 (Tenn. 2015).

Having thoroughly reviewed the evidence adduced at trial, including proof of events occurring since the first termination hearing, we conclude that there is clear and convincing evidence to support the trial court's finding that statutory grounds for termination of Father's parental rights exist, such grounds being (1) abandonment by failure to provide a suitable home and (2) persistence of the conditions leading to the Child's removal.  We further conclude that the record contains clear and convincing evidence to support the determination that termination of Father's parental rights was in the Child's best interest.  We therefore affirm the trial court's termination of Father's parental rights.

## IX.  Conclusion

For the foregoing reasons, we affirm the trial court's judgment in all respects.  Costs on appeal are taxed to the appellant, Jon M.  This case is remanded to the trial court for collection of costs assessed below.

_____
THOMAS R. FRIERSON, II, JUDGE

9