IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs October 21, 2015

**IN RE K.J.G.**

**Appeal from the Circuit Court for Greene County**
**No. 12A027      Douglas T. Jenkins, Judge[1]**

**No. E2015-00087-COA-R3-PT – Filed March 28, 2016**

This is a termination of parental rights case. The trial court found clear and convincing evidence of grounds for terminating the parental rights of R.P.G. II, (father) to K.J.G. (the child). By the same quantum of proof, the court found that termination was in the child's best interest. Father appeals. We hold that the trial court's final judgment does not include or incorporate written findings of fact justifying its decision as required by Tenn. Code Ann. § 36-1-113(k) (2014). For this reason, we vacate the trial court's judgment and remand for further proceedings consistent with this opinion.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court**
**Vacated; Case Remanded for Further Proceedings**

CHARLES D. SUSANO, JR., J., delivered the opinion of the court, in which JOHN W. MCCLARTY, J., joined. D. MICHAEL SWINEY, C.J., filed a separate dissenting opinion.

Jennifer A. Luther, Greeneville, Tennessee, for the appellant, R.P.G., II.

Roger Alan Woolsey, Greeneville, Tennessee, for the appellees, M.R.T. and J.N.T.

**OPINION**

I.

The child was born on April 28, 2008. Father was listed as a parent on the child's birth certificate. J.N.T. (mother) and father were never married, though they were living together at the time of the child's birth. Mother testified that father moved out of the home in July 2008, leaving her with the child and the child's older sibling. The latter died in a tractor accident later that year. In May 2012, mother married M.R.T. (stepfather).

---

[1] Sitting by interchange.

Father admitted at trial that in about 2005 he began using illegal drugs. He testified that in 2009 he sought treatment for his drug use, but that he had begun using again by the summer of 2010. According to him, he last used drugs in May 2013. From April 2, 2012, until July 31, 2012, father was incarcerated for stealing from his father and grandmother. Mother and stepfather (collectively the petitioners) filed a petition to terminate father's parental rights on August 22, 2012. In the same petition, the stepfather sought to adopt the child.

The trial court held a hearing on November 18, 2014. The court found clear and convincing evidence (1) of grounds to terminate father's parental rights and (2) that termination was in the child's best interest. The trial court filed its judgment on January 13, 2015. The judgment referenced an attached transcript of the trial court's oral ruling from the bench and then stated,

> Based on the foregoing:
>
> IT IS THEREFORE ORDERED, ADJUDGED AND DECREED by the Court that that Petitioners by clear and convincing evidence have proven that [Father] has willfully failed to visit or have any contact (other than token visitation) with the minor child . . . for a period of at least four months before the filing of the Petition.
>
> IT IS FURTHER ORDERED, ADJUDGED AND DECREED by the Court that [father], by clear and convincing evidence has willfully failed to support the minor child. . . forat [sic] least the four months preceding the filing of the Petition to Adopt.
>
> IT IS FURTHER ORDERED, ADJUDGED AND DECREED by the Court that by clear and convincing evidence, [Father] exhibited a willful disregard[2] for the welfare of the child as demonstrated by his frequent

---

[2] The language "willful disregard" does not appear in Tenn. Code Ann. §§ 36-1-102(1)(A) or -113(g) (2014). In the initial petition to adopt the child and terminate father's parental rights, mother and stepfather stated they would "show that by clear and convincing evidence the [father] has willfully abandoned the child pursuant to [Tenn. Code Ann.] § 36-1-102(1)(A)." The phrase "wanton disregard" appears in subsection (iv) of Tenn. Code Ann. § 36-1-102(1)(A). Additionally, in his oral ruling from the bench, the trial judge referred to this ground as "wanton disregard," though the phrase "willful disregard" also was used to describe this ground at trial. It is clear to us that these references were all intended to reference the ground of "wanton disregard."

incarcerations, in and out of jail. During the subject period of time, he had violated probation and admitted to pretty much total dependence on drugs, being frequently intoxicated and under the influence of drugs.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED by the Court that by the clear and convincing evidence presented in Court, it is in the best interest of the minor child for the Court to terminate [father's] parental rights in and with the minor child . . . .

IT IS FURTHER ORDERED, ADJUDGED AND DECREED by the Court that the natural rights of the natural father . . . should be and are hereby terminated with and for the minor child . . . .

IT IS FURTHER ORDERED, ADJUDGED AND DECREED by the Court that the termination of the parental rights of the father . . . shall have the effect of forever severing all the rights, responsibilities and obligations of the father . . . with and to the minor child . . . who is the subject of this judgment and the child of the father and that said termination would be in the child's best interests.

(Footnote added; capitalization in original.) Father appeals.

## II.

Father raises three issues on appeal, which we repeat verbatim from his brief.

Whether the Circuit Court erred in finding by clear and convincing evidence that [father] had abandoned his daughter by willfully failing to visit the four (4) months preceding his incarceration.

Whether the Circuit Court erred by failing to enter Findings of Fact and Conclusions of Law within the statutorily required 30 day time frame following the termination of [father's] parental rights.

Whether the Circuit Court erred in finding by clear and convincing evidence that it was in the child's best interest for [father's] rights to be terminated.

3

(Paragraph numbering in original omitted.)

The trial court found three grounds for abandonment under Tenn. Code Ann. § 36-1-102(1)(A) – willful failure to visit, willful failure to support, and wanton disregard for the child's welfare. Father challenges only one of the three on appeal. Still, "in an appeal from an order terminating parental rights the Court of Appeals must review the trial court's findings as to each ground for termination and as to whether termination is in the child's best interests, regardless of whether the parent challenges these findings on appeal." *In re Carrington H.*, — S.W.3d —, —, No. M2014-00453-SC-R11-PT, 2016 WL 819593, at *13 (Tenn. Jan. 29, 2016) (citing *In re Angela E.*, 303 S.W.3d 240, 251 n.14 (Tenn. 2010)).

III.

"Both the United States and Tennessee Constitutions protect a parent's right to the custody and upbringing of his or her child." *In re Swanson*, 2 S.W.3d 180, 187 (Tenn. 1999) (citing *Stanley v. Illinois*, 405 U.S. 645, 650 (1972); *Hawk v. Hawk*, 855 S.W.2d 573, 579 (Tenn. 1993)). It is "among the oldest of the judicially recognized liberty interests protected by the Due Process Clauses of the federal and state constitutions." *In re S.M.*, 149 S.W.3d 632, 638 (Tenn. Ct. App. 2004) (citing *Troxel v. Granville*, 530 U.S. 57, 65 (2000); *Hawk*, 855 S.W.2d at 578-79; *Ray v. Ray*, 83 S.W.3d 726, 731 (Tenn. Ct. App. 2001)). "While this right is fundamental and superior to the claims of other persons and the government, it is not absolute." *In re G.N.S.*, No. W2006-01437-COA-R3-PT, 2006 WL 3626322, at *4 (Tenn. Ct. App. W.S., filed Dec. 13, 2006) (citing *In re S.M.*, 149 S.W.3d at 638).

Under Tennessee law, the proof in a termination case must show, by clear and convincing evidence, at least one statutory ground. *In re Adoption of T.L.H.*, No. M2008-01408-COA-R3-PT, 2009 WL 152475, at *3 (Tenn. Ct. App. M.S., filed Jan. 21, 2009) (citation omitted); Tenn. Code Ann. § 36-1-113(c)(1). A petitioner must also prove by clear and convincing evidence that termination is in the child's best interest. *In re Adoption of T.L.H.*, 2009 WL 152475, at *3; Tenn. Code Ann. § 36-1-113(c)(2). "Clear and convincing evidence is evidence in which there is no serious or substantial doubt about the correctness of the conclusions drawn from the evidence." *In re Valentine*, 79 S.W.3d 539, 546 (Tenn. 2002) (internal quotation marks and citation omitted). "This heightened standard of review prevents unwarranted termination or interference with a biological parent's parental rights." *In re Adoption of Muir*, No. M2002-02963-COA-R3-CV, 2003 WL 22794524, at *2 (Tenn. Ct. App. M.S., filed Nov. 25, 2003) (citing *In re C.W.W.*, 37 S.W.3d 467, 474 (Tenn. Ct. App. 2000)).

We review the trial court's findings of fact de novo with a presumption of correctness, unless the evidence preponderates otherwise. *In re Audrey S.*, 182 S.W.3d

838, 861 (Tenn. Ct. App. 2005); Tenn. R. App. P. 13(d). We review the trial court's conclusions of law de novo, with no presumption of correctness. ***State Dep't of Children's Servs. v. C.H.K.***, 154 S.W.3d 586, 589 (Tenn. Ct. App. 2004) (citing ***Campbell v. Fla. Steel Corp.***, 919 S.W.2d 26 (Tenn. 1996)).

IV.

"Tenn. Code Ann. § 36-1-113(k) explicitly requires trial courts to 'enter an order which makes specific findings of fact and conclusions of law' in termination cases." ***In re Adoption of Muir***, 2003 WL 22794524, at *3. Each "parental termination order must set forth the findings of fact that underlie the conclusions of law." ***In re Adoption of T.L.H.***, 2009 WL 152475, at *5 (citing ***In re K.N.R.***, No. M2003-01301-COA-R3-PT, 2003 WL 22999427, at *4 (Tenn. Ct. App. M.S., filed Dec. 23, 2003)). "Because of Tenn. Code Ann. § 36-1-113(k), trial courts cannot follow the customary practice of making oral findings from the bench and later adopting them by reference in their final order." ***In re Adoption of Muir***, 2003 WL 22794524, at *3. Instead, "trial courts must prepare and file written findings of fact and conclusions law with regard to every disposition of a petition to terminate parental rights, whether [such findings] have been requested or not." ***Id.*** This "applies with equal force to the best interest component." ***In re B.L.R.***, No. W2004-02636-COA-R3-PT, 2005 WL 1842502, at *15 (Tenn. Ct. App. W.S., filed Aug. 4, 2005) (citing ***White v. Moody***, 171 S.W.3d 187, 192 (Tenn. Ct. App. 2004)); *accord* ***In re Adoption of T.L.H.***, 2009 WL 152475, at *5.

A trial court's noncompliance with this rule "fatally undermines the validity of a termination order." ***In re S.M.***, 149 S.W.3d at 639 (citing ***In re D.L.B.***, 118 S.W.3d 360, 367-68 (Tenn. 2003); ***In re Adoption of Muir***, 2003 WL 22794524, at *3). Although enforcement of this rule "will unfortunately prolong the uncertainty for the child and parties . . . the termination statute and the constitutional implications require remand." ***In re Kadean T.***, No. M2013-02684-COA-R3-PT, 2014 WL 5511984, at *11 (Tenn. Ct. App. M.S., filed Oct. 31, 2014) (citing ***In re Angela E.***, 303 S.W.3d at 255).

The importance of this rule is well established. Proceedings to terminate parental rights require "individualized decision making" due to "the gravity of their consequences," ***In re K.H.***, No. W2008-01144-COA-R3-PT, 2009 WL 1362314, at *7 (Tenn. Ct. App. W.S., filed May 15, 2009) (citing ***In re Tiffany B.***, 228 S.W.3d 148, 156 (Tenn. Ct. App. 2007); ***In re Swanson***, 2 S.W.3d at 188) (internal quotation marks removed) and the "importance of establishing the permanent placement of a child who is the subject of a termination proceeding," ***In re Adoption of T.L.H.***, 2009 WL 152475, at *5. Further,

> the requirement that the trial court make specific findings of fact and conclusions of law is not a mere technicality; rather, compliance with Section 36-1-113(k) serves an important

purpose. *See* **White v. Moody**, 171 S.W.3d 187, 191 (Tenn. Ct. App. 2004). "Without such findings and conclusions, this court is left to wonder on what basis the court reached its ultimate decision." **In re M.E.W.**, No. M2003-01739-COA-R3-PT, 2004 WL 865840, at *19 (Tenn. Ct. App. M.S., filed April 21, 2004).

**In re K.H.**, 2009 WL 1362314, at *8. "Tenn. Code Ann. § 36-1-113(k) . . . reflects the General Assembly's understanding that findings of fact and conclusions of law facilitate appellate review and promote the just and speedy resolution of appeals." **In re Adoption of Muir**, 2003 WL 22794524, at *3 (citing **Bruce v. Bruce**, 801 S.W.2d 102, 104 (Tenn. Ct. App. 1990)).

In this case, the trial court made no written findings of fact in its final order. Instead, the final order attached a transcript of the court's oral findings given from the bench at the close of the trial. The written order then listed the court's conclusions of law. As explained by the cases above, this is insufficient under Tenn. Code Ann. § 36-1-113(k). When such findings of fact are not made, "we cannot simply review the record de novo and determine for ourselves where the preponderance of the evidence lies as we would in other civil, non-jury cases . . . . [W]e must remand the case for the preparation of appropriate written findings of fact and conclusions of law." **In re Adoption of Muir**, 2003 WL 22794524, at *3 (internal citation omitted); *see also* **In re G.N.S.**, 2006 WL 3626322, at *7 (citing **In re M.J.B. & M.W.S., Jr.**, 140 S.W.3d 643, 654 (Tenn. Ct. App. 2004)). For the reasons stated above, we vacate the trial court's final order and remand the case with directions to prepare the written findings of fact and conclusions of law as required by Tenn. Code Ann. § 36-1-113(k).

V.

Based upon the undisputed facts in the case, we note that the trial court's final judgment applied an incorrect time period in finding that father abandoned the child by willful failure to visit and willful failure to support.

Tenn. Code Ann. § 36-1-113(g) relies on the definition of abandonment provided in Tenn. Code Ann. § 36-1-102(1)(A) (2014), which states that abandonment occurs if:

> (i) For a period of four (4) consecutive months immediately preceding the filing of a proceeding or pleading to terminate the parental rights of the parent . . . of the child who is the subject of the petition for termination of parental rights or adoption, that the parent . . . either have willfully failed to visit or have willfully failed to support or have willfully failed

to make reasonable payments toward the support of the child; [or]

\*     \*     \*

(iv*) A parent . . . is incarcerated at the time of the institution of an action or proceeding* to declare a child to be an abandoned child, or the parent . . . has been incarcerated during all or part of the four (4) months immediately preceding the institution of such action or proceeding, and either has willfully failed to visit or has willfully failed to support or has willfully failed to make reasonable payments toward the support of the child *for four (4) consecutive months immediately preceding such parent's . . . incarceration*, or the parent . . . has engaged in conduct prior to incarceration that exhibits a wanton disregard for the welfare of the child[.]

(Emphasis added.)  Subsection (iv) "tracks the language of the first statutory definition of abandonment but shifts the focus from the four-month period immediately preceding the filing of the termination petition to the four-month period immediately preceding the parent's incarceration."  **In re Audrey S.**, 182 S.W.3d at 865.  Since the start date of father's incarceration was April 2, 2012, the applicable four month period in this case is December 2, 2011, to April 1, 2012.[3]  This is the four-month period that the trial court should focus on following remand.

## VI.

As father correctly points out, the trial court erred when it failed to enter the findings of fact and conclusions of law within the statutorily required thirty-day timeframe following the conclusion of father's termination of parental rights hearing. Tenn. Code Ann. § 36-1-113(k) states that ". . . [t]he court shall enter an order that makes specific findings of fact and conclusions of law within thirty (30) days of the conclusion of the hearing[.]"  In the case now before us, the trial court is directed to file the required written findings of fact and conclusions of law within thirty days of the filing of this opinion or, if a further hearing is held following remand, within thirty days of that hearing.

---

[3] *See, e.g.*, **In re Jacob C. H.**, No. E2013-00587-COA-R3-PT, 2014 WL 689085, at \*6 (Tenn. Ct. App. E.S., filed Feb. 20, 2014) ("In our view, a more reasonable construction is that the applicable four month window for determining whether child support has been paid in the context of the ground of willful failure to support includes the four months preceding the day the petition to terminate parental rights is filed but excludes the day the petition is filed.  In other words, the last day of the four month period is the day before the petition is filed.")

## VII.

The judgment of the trial court is vacated and the case is remanded for further proceedings consistent with this opinion. The costs on appeal are taxed equally between the appellees, J.T. and M.T., and the appellant, R.P.G., II.

_____
CHARLES D. SUSANO, JR., JUDGE